UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DANIELS,<br><br>        Plaintiff,<br><br>        v.<br><br>J. VALENCIA, *et al.*,<br><br>        Defendants. | **Case No. 1:17-cv-00492-DAD-EPG (PC)**<br><br>**ORDER FINDING CERTAIN CLAIMS COGNIZABLE**<br><br>**ORDER FOR PLAINTIFF TO:**<br><br>**(1) NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY ON THE CLAIM AGAINST DEFENDANTS UNKNOWN DEFENDANT #1, M. OWENS, E. TORRES, J. VALENCIA, S. PANO, M. BENEVIDEZ, C. CRABTREE, N. JOHNSON, AND E. MADRUGA FOR EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT;**<br><br>**(2) FILE A FIRST AMENDED COMPLAINT; OR,**<br><br>**(3) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br>(ECF No. 1)<br><br>**THIRTY DAY DEADLINE** |

      Plaintiff David Daniels is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing

1

this action on April 6, 2017, which is now before this Court for screening. (ECF No. 1.) Plaintiff claims that he was beaten in his cell by correctional officer defendants and failed to receive adequate medical attention after the incident.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id., quoting Twombly*, 550 U.S. at 570. While factual allegations are accepted as true, legal conclusions are not. *Id.*

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

| | |
|---|---|
| 1 | **II.    SUMMARY OF PLAINTIFF'S COMPLAINT** |

Plaintiff's complaint discusses events that occurred at California State Prison, SATF in Corcoran, CA on March 14, 2016. In particular, he alleges that unknown Defendant #1, a lieutenant, as well as correctional officers M. Owens, E. Torres, J. Valencia, S. Pano, M. Benevidez, C. Crabtree and N. Johnson, used excessive physical force on him.

E. Torres opened Plaintiff's cell door. M. Owens, J. Valencia, S. Pano, M. Benevidez, C. Crabtree, N. Johnson, and the unknown Defendant #1 entered Plaintiff's cell and each of them beat and kicked Plaintiff with closed fists and feet. M. Benevidez placed Plaintiff in a rear choke hold while J. Valencia repeatedly punched Plaintiff in the face, head, and right eye with his closed fist. N. Johnson kicked Plaintiff repeatedly while C. Crabtree, M. Owens, and unknown Defendant #1 punched Plaintiff until Plaintiff lost consciousness. They dragged an unconscious and bleeding Plaintiff out of his cell with his hands cuffed behind his back and leg restraints on his legs. E. Madruga dragged Plaintiff by the neck in a choke hold and covered Plaintiff's head with a bag to hide Plaintiff's injuries from witnesses. E. Madruga instructed the group of prison guards to bring Plaintiff to the rear area of the housing unit so no witnesses could see. Then E. Madruga slammed Plaintiff's head repeatedly into a wall and threw Plaintiff into a holding cage.

Plaintiff was seriously injured by this incident and required surgery on his right eye. He was hospitalized for three days.

Plaintiff also alleges that he requested medical treatment for his serious medical needs from many defendants and was denied access to readily available treatment. While still in a holding cage, E. Hernandez, an investigative staff unit Sergeant, and unknown Defendant #4 came to investigate the incident. Plaintiff requested medical treatment for his serious medical needs and was denied access. D. Snell informed Plaintiff that he had been instructed to assemble an escort team for a special transfer by orders of the warden and that Plaintiff would receive no medical treatment. Plaintiff was taken to Corcoran's SHU without allowing for medical care.

\\\

### III. EVALUATION OF PLAINTIFF'S EIGHTH AMENDMENT CLAIM FOR EXCESSIVE FORCE

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not…use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994), *citing Hudson v. McMillian*, 503 U.S. 1 (1992). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7, *citing Whitley v. Albers*, 475 U.S. 312 (1986).

When determining whether the force was excessive, the court looks to the "extent of the injury suffered by an inmate…, the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7, *quoting Whitley*, 475 U.S. at 321. While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9, *citing Whitley*, 475 U.S. at 327.

Plaintiff states a claim for excessive force in violation of the Eighth Amendment against Defendants Unknown Defendant #1, M. Owens, E. Torres, J. Valencia, S. Pano, M. Benevidez, C. Crabtree, N. Johnson, and E. Madruga. This finding merely allows this claim to proceed past the pleading stage, construing all facts in favor of Plaintiff at this stage, and does not consider any legitimate reasons defendants may have had for the use of force.

### IV. EVALUATION OF PLAINTIFF'S EIGHTH AMENDMENT CLAIM FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), *quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires plaintiff to show: (1) "a 'serious medical need' by demonstrating that 'failure to treat a

prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Id.*, *quoting McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer*, 511 U.S. at 836-37 & n.5 (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

The Court finds that Plaintiff's complaint fails to state a cognizable claim against any defendant for deliberate indifference to serious medical needs. Plaintiff asserts the conclusion that many individuals refused him care, but Plaintiff does not specify as to any individual what their duty was to provide medical care (for example, if they were a doctor or other medical

5

professional), what they knew at the time, and any facts indicating why they denied medical care. Moreover, Plaintiff alleges that he was treated in a hospital for three days and received surgery. Based solely on what is alleged, the Court cannot conclude that any of the many defendants named violated Plaintiff's right to be free of cruel and unusual punishment by being deliberately indifferent to Plaintiff's serious medical needs.

## V. CONCLUSION AND ORDER

The Court has screened Plaintiff's Complaint and finds that it states a cognizable claim against Defendants Unknown Defendant #1, M. Owens, E. Torres, J. Valencia, S. Pano, M. Benevidez, C. Crabtree, N. Johnson, and E. Madruga for excessive force in violation of the Eighth Amendment. The Court finds that the Complaint fails to state any other claims or claims against any other defendants.

Plaintiff can now proceed on these claims against these defendants, file an amended complaint, or stand on the current complaint subject to recommendations to the District Judge to dismiss the remaining claims and defendants consistent with this order.

Should Plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 676; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *Id*. at 676. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones*, 297 F.3d at 934. Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   a. Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed against Defendants Unknown Defendant #1, M. Owens, E. Torres, J. Valencia, S. Pano, M. Benevidez, C. Crabtree, N. Johnson, and E. Madruga for excessive force in violation of the Eighth Amendment;
   b. File a First Amended Complaint, which the Court will screen in due course; or,
   c. Notify the Court in writing that he does not agree to go forward on only the claims found cognizable by this order or file an amended complaint, in which case the Court will recommend the conclusions of this order to the District Judge.
3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-00492-DAD-EPG (PC); and,

///

4. <u>Failure to comply with this order will result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated: **May 8, 2017**  /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE