# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DANIELS,<br><br>        Plaintiff,<br><br>    v.<br><br>J. VALENCIA, *et al.*,<br><br>        Defendants. | Case No. 1:17-cv-00492-DAD-EPG (PC)<br><br>**ORDER FINDING COGNIZABLE CLAIMS**<br><br>(ECF No. 9)<br><br>**ORDER FINDING SERVICE OF COMPLAINT APPROPRIATE, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN**<br><br>**THIRTY DAY DEADLINE**<br><br>**ORDER REQUIRING IDENTIFICATION OF UNKNOWN DEFENDANTS WITHIN 120 DAYS**<br><br>**ONE HUNDRED AND TWENTY DAY DEADLINE** |

**I.    BACKGROUND**

Plaintiff David Daniels is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 6, 2017, Plaintiff commenced this action by the filing of a Complaint alleging excessive force and deliberate indifference to serious medical needs against numerous defendants. (ECF No. 1.) On May 8, 2017, after screening the Complaint pursuant to 28 U.S.C. § 1915A, the Court issued an order finding cognizable claims against Defendants Unknown Defendant #1, M. Owens, E. Torres, J.

1

Valencia, S. Pano, M. Benevidez, C. Crabtree, N. Johnson, and E. Madruga for excessive force in violation of the Eighth Amendment. (ECF No. 8.) The Court also found, however, that the Complaint failed to state a claim for deliberate indifference to serious medical needs. *Id.* The Order directed Plaintiff to either (1) notify the Court that he is willing to proceed only on the claim excessive force; (2) file a first amended complaint; or, (3) notify the Court that he wishes to stand on his Complaint, subject to findings and recommendations to the district judge consistent with the Order. *Id.* On May 18, 2017, Plaintiff filed a First Amended Complaint ("FAC"), which is now before this Court for screening. (ECF No. 9.)

## II. FIRST AMENDED COMPLAINT

Plaintiff maintains that on March 14, 2016, while housed at California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"), he was beaten in his cell by correctional officers and was denied medical attention after the incident. *Id.* Plaintiff restates the allegations as to his claim for excessive force that the Court found cognizable on May 8, 2017. Plaintiff also provides additional details regarding his claim for deliberate indifference to serious medical needs.

Plaintiff alleges that, after the incident on March 14, 2016, he was handcuffed in a holding cage within close proximity to a quasi-medical treatment area. He noticed, and called to a medical assistant, J. Carranza, who was assigned to provide emergency medical care to inmates. He told J. Carranza that he had been rendered unconscious, was injured, bleeding, and in pain, and was in need of medical treatment. Correctional officer E. Madruga held a flashlight for J. Carranza to inspect Plaintiff, and made threatening remarks to Plaintiff for complaining about his injuries. While looking at E. Madruga, J. Carranza said, "I see your injuries, but, I can't help you."

After several hours in the holding cage, Plaintiff noticed a registered nurse, Unknown Defendant #2, a white female who was the supervisor of the quasi-medical treatment area. Her duty was to provide emergency medical treatment to inmates in the housing unit and to refer them for evaluation when needed. He called her to the holding cage, and informed her that he had been rendered unconscious, was bleeding, was in pain, and could not see out of his right

eye. Unknown Defendant #2 looked at Plaintiff's injuries, and asked Plaintiff how long he had been unconscious and whether he had any other injuries. Plaintiff responded that he did have other injuries. Unknown Defendant #2 then looked towards a collection of correctional officers, and said to Plaintiff that she could not help him.

Approximately one or two hours later, Plaintiff noticed lieutenant D. Snell, a supervisor of the correctional officers and the quasi-medical treatment staff. Plaintiff called D. Snell to the holding cage area. He told D. Snell that he had been rendered unconscious, was injured and in pain, and had been denied emergency treatment for six or more hours. D. Snell looked at and acknowledged Plaintiff's injuries, but stated that he did not care about Plaintiff's injuries. He only cared about transferring Plaintiff out of the prison regardless of the injuries. D. Snell also stated that the Warden of SATF knew Plaintiff was injured and needed medical treatment, but the Warden also did not care about Plaintiff's injuries. The Warden, D. Snell said, had personally instructed him to supervise Plaintiff's transfer to another prison without allowing Plaintiff any medical treatment.

Plaintiff was seriously injured by this incident. He had to be emergency transported to a hospital over one hundred miles from the prison, as the prison could no longer offer effective medical treatment. He was treated for a concussion, a human bite wound to the pinky and ring fingers on his right hand, and had surgery on his right eye. He was hospitalized and sedated for three days.

Plaintiff alleges that J. Carranza and Unknown Defendant #2 are medical professionals who know, or should have known, that a person who has been rendered unconscious needs medical treatment for a possible concussion, a serious medical condition that can lead to death. But, J. Carranza and Unknown Defendant #2 purposefully denied him readily available emergency medical treatment, causing his condition to worsen. As a result, Plaintiff suffered unnecessary and wanton infliction of pain for eight hours and had to be hospitalized for three days.

Plaintiff also alleges that D. Snell is responsible for ensuring the safety of all inmates and ensuring that medical staff provide emergency treatment to inmates when needed. But, D.

3

Snell purposefully denied Plaintiff access to emergency medical treatment, causing his condition to worsen. As a result, Plaintiff had to be hospitalized for three days and suffered unnecessary and wanton infliction of pain.

Plaintiff further alleges that the Warden, whose responsibilities and duties include providing safety to all inmates, personally instructed D. Snell and others to prioritize a special transfer over Plaintiff's need for medical treatment. The Warden also allegedly stated that he did not care about Plaintiff's injuries. Because the Warden purposefully denied Plaintiff access to emergency medical treatment, Plaintiff's medical condition worsened, he suffered unnecessary and wanton infliction of pain, and he had to be hospitalized for three days.

### III. EVALUATION OF PLAINTIFF'S EIGHTH AMENDMENT CLAIM FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), *quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires plaintiff to show: (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Id.*, *quoting McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

4

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi*, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

A delay of access to medical treatment can also establish deliberate indifference. *See Clement v. Gomez,* 298 F.3d 898, 905 (9th Cir.2002); *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir.2002). However, the prisoner must show that the delay led to significant harm. *See Hallett,* 296 F.3d at 745–46; *Shapley v. Nev. Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir.1985) (per curiam).

Under these facts, which the Court must treat as true and correct at this stage, the First Amended Complaint states a claim for deliberate indifference to serious medical needs as to Defendants J. Carranza, Unknown Defendant #2, D. Snell, and the Warden of SATF.

This finding merely allows this claim to proceed past the pleading stage, and does not consider any legitimate reasons defendants may have had for their actions.

**IV.    CONCLUSION AND ORDER**

The Court has screened Plaintiff's First Amended Complaint and finds that it states a cognizable claim against Defendants Unknown Defendant #1, M. Owens, E. Torres, J. Valencia, S. Pano, M. Benevidez, C. Crabtree, N. Johnson, and E. Madruga for excessive force in violation of the Eighth Amendment. The Court also finds that the FAC states a cognizable claim against Defendants J. Carranza, Unknown Defendant #2, D. Snell, and that the Warden of SATF for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

The Court will allow Plaintiff **one hundred and twenty (120) days** to identify Unknown Defendant #1, Unknown Defendant #2, and the Warden (collectively, "the unknown defendants").[1] In order to identify the unknown defendants, Plaintiff has leave to request issuance of any third party subpoenas, including on the California Department of Corrections and Rehabilitation ("CDCR").

To issue a subpoena on the CDCR, or any other third-parties, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court. If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshal Service. Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d).

Once the unknown defendants are identified, Plaintiff shall file a Second Amended Complaint that substitutes the names of the unknown defendants with the actual names of the defendants.

Based on the foregoing, it is HEREBY ORDERED that:

1. Service is appropriate for the following defendants:

> **Correctional Officer M. Owens, California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF")**
> **Correctional Officer E. Torres, SATF**
> **Correctional Officer, J. Valencia, SATF**
> **Correctional Officer S. Pano, SATF**
> **Correctional Officer M. Benevidez, SATF**
> **Correctional Officer C. Crabtree, SATF**
> **Correctional Officer N. Johnson, SATF**
> **Correctional Officer E. Madruga, SATF**
> **Correctional Lieutenant D. Snell, SATF**
> **Medical Assistant J. Carranza, SATF**

---

[1] If Plaintiff is unable to identify the John Doe defendant within 120 days despite diligent efforts, Plaintiff may file a motion for extension of time requesting additional time for good cause.

2. The Clerk of Court shall SEND Plaintiff 11 USM-285 form(s), 11 summons(es), a Notice of Submission of Documents form, an instruction sheet, and a copy of the First Amended Complaint filed on May 18, 2017. (ECF No. 9);

3. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Completed summons(es);

    b. One completed USM-285 form for each defendant listed above; and

    c. Seven copies of the endorsed First Amended Complaint.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal Service to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and,

5. Within **one hundred and twenty (120) days** from the date of this order, Plaintiff shall file a Second Amended Complaint that replaces Unknown Defendant #1, Unknown Defendant #2, and the Warden with the actual names of these defendants.

6. Plaintiff has leave to conduct discovery, including requesting third party subpoenas, to ascertain the identity of the unknown defendants.

7. Failure to file an amended complaint identifying the unknown defendants **within one hundred and twenty (120) days** will result in dismissal of the claims against those defendants without prejudice.

8. <u>The failure to comply with this order may result in the dismissal of this action.</u>

IT IS SO ORDERED.

Dated: **November 3, 2017**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE