**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID DANIELS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. VALENCIA, *et al.*,<br><br>    Defendants. | Case No. 1:17-cv-00492-DAD-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S EXCESSIVE FORCE CLAIM BE DENIED**<br><br>(ECF Nos. 19, 23, 26)<br><br>**THIRTY (30) DAY DEADLINE** |

The Court has before it the Motion to Dismiss Plaintiff's Excessive Force Claims filed by defendants Owns, Torres, Valencia, Pano, Benavidez, Crabtree, Johnson, and Madruga (ECF No. 19), and joined by defendant Babb (ECF No. 26). For the following reasons, the Court recommends denying the Motion to Dismiss.

**I.    INTRODUCTION**

David Daniels ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on April 6, 2017. In his Second Amended Complaint ("SAC") (ECF No. 14), Plaintiff brings claims for excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment. (*Id.*) At issue here is Plaintiff's claim for excessive force, which Plaintiff brings against defendants S. Babb, M. Owens, E. Torres, J. Valencia, S. Pano, M. Benevidez, C. Crabtree, N. Johnson, and E. Madruga (the "moving defendants").

On January 26, 2018, the moving defendants filed the Motion to Dismiss, contending

1

that Plaintiff's excessive force claim is barred by the holdings in *Heck v. Humphrey*, 512 U.S. 477, 480 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). (ECF No. 19, 26.) The moving defendants rely on Plaintiff's conviction for a violation of the California Penal Code for assaulting prison staff on the date at issue (March 14, 2016), which resulted in a sentence of eight months of additional incarceration. The moving defendants also rely on a Rules Violation Report ("RVR") for a disciplinary proceeding for an incident that occurred on March 14, 2016. The moving defendants request that the Court take judicial notice of an Abstract of Judgment from a felony criminal proceeding in Kings County Superior Court (the "Abstract of Judgment"), as well as the RVR. (ECF No. 20.)

Plaintiff filed his opposition to the motion to dismiss and request for judicial notice on February 12, 2018. (ECF No. 23.) Plaintiff argues that the Kings County Superior Court felony criminal proceeding is distinct from and unrelated to Plaintiff's excessive force claims against the moving defendants. In support of his argument, Plaintiff submits a copy of the same Abstract of Judgment submitted by the moving defendants, as well as a copy of the Information filed in that same criminal proceeding. (ECF No. 23.) Plaintiff further argues the Court should not take judicial notice of the RVR as the facts set forth therein are biased and in dispute in this case.

For the reasons described below, the Court recommends that the Motion to Dismiss be denied.

## II. LEGAL STANDARD

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Hosp. Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976). The court must also construe the alleged facts in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520

(1972).

The scope of review on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss is ordinarily limited to the contents of the complaint. Fed. R. Civ. P. 12(d); *Van Buskirk v. Cable News Network*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."). If a court considers evidence outside of the complaint when ruling on a Rule 12(b)(6) motion, "it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). However, exceptions exist for "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice," which a court may properly consider "without converting the motion to dismiss into a motion for summary judgment." *Id.* at 907-08 (citations omitted).

### III.  RELEVANT ALLEGATIONS

In the SAC, Plaintiff alleges that on March 14, 2016, while housed at California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"), he was beaten in his cell by Correctional Officers S. Babb, M. Owens, E. Torres, J. Valencia, S. Pano, M. Benevidez, C. Crabtree, and N. Johnson. (ECF No. 14.) According to the SAC, E. Torres opened Plaintiff's cell door.  M. Owens, J. Valencia, S. Pano, M. Benevidez, C. Crabtree, N. Johnson, and S. Babb entered Plaintiff's cell and each of them beat and kicked Plaintiff with their feet and closed fists. (*Id.* at 5.) M. Benevidez placed Plaintiff in a rear chokehold, while J. Valencia repeatedly punched Plaintiff in the face, head, and right eye with his closed fist. N. Johnson kicked Plaintiff repeatedly, while C. Crabtree, M. Owens, and S. Babb punched Plaintiff until Plaintiff lost consciousness. (*Id.*) They dragged Plaintiff, unconscious and bleeding, out of his cell with his hands cuffed behind his back and restraints on his legs. (*Id.*) They took Plaintiff to the rear area of the housing unit where E. Madruga slammed Plaintiff's head repeatedly into a wall and then threw Plaintiff into a holding cage. (*Id.* at 6.)

### IV.  DISCUSSION

The moving defendants contend that *Heck v. Humphrey*, 512 U.S. 477 (1994), precludes Plaintiff from pursuing his excessive force claim because a judgment in favor of Plaintiff would

3

necessarily imply the invalidity of his felony conviction or sentence.

      **a. Judicial Notice**

The moving defendants request that the Court take judicial notice of an Abstract of Judgment from Kings County Superior Court Case No. 17CMS-2756, and a Rules Violation Report ("RVR") for a disciplinary proceeding. (ECF Nos. 20, 20-1, 20-2.) Plaintiff requests that the Court take judicial notice of the Information and the Abstract of Judgment from the same Kings County Superior Court case.[1] (ECF No. 23 at 11-15.) Plaintiff objects to the Court taking judicial notice of the RVR. (*Id.* at 4-5.)

Under Federal Rule of Evidence 201, courts may take judicial notice of facts "not subject to reasonable dispute" that are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)); *see also Bykov v. Rosen*, 703 F. App'x 484, 487 (9th Cir. 2017) (finding that the district court did not abuse its discretion by taking judicial notice of state court proceedings).

                 1. <u>Abstract of Judgment and Information from Criminal Proceeding</u>

Both parties request the Court take judicial notice of the Abstract of Judgment from the Kings County Superior Court criminal proceeding. (ECF No. 20, 20-2.) Plaintiff requests the Court also take judicial notice of the Information from the same criminal proceeding (ECF No. 23 at 11-12), and Defendants have not opposed Plaintiff's request. Both the Abstract of Judgment and the Information are public records of state court proceedings and neither party disputes the accuracy of the documents. The Court finds judicial notice of both the Abstract of Judgment and the Information to be appropriate.

///

---

[1] Although Plaintiff does not explicitly request the Court take judicial notice of the Information and Abstract of Judgment, the Court construes his argument as making such a request. (ECF No. 23 at 3-7.)

2. Rules Violation Report

The moving defendants request that the Court also take judicial notice of the Rules Violation Report ("RVR"), which relates to the incident underlying Plaintiff's claims of excessive force. (ECF No. 20-1.) Plaintiff objects to judicial notice of this RVR, arguing that the facts alleged in the RVR are biased, one-sided, and in dispute. (ECF No. 23 at 4-6.)

A court may take judicial notice of the official acts and public records of state agencies "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 959 (9th Cir. 2013) (relying on opinion letters from the California Division of Labor Standards Enforcement); *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 824 n.3 (9th Cir. 2011) ("To the extent our opinion references any of the materials, we grant [USSA's] request[ ] for judicial notice.").

Federal courts have recognized that RVRs fall within the category of public records subject to judicial notice. *See, e.g., Jones v. Harrington*, No. 1:10-CV-00212-AWI-GSA, 2010 WL 3341597, at *1 (E.D. Cal. Aug. 24, 2010) (taking judicial notice of RVR in habeas proceeding); *Givens v. Miller*, No. 15CV2877-GPC(PCL), 2017 WL 840658, at *2 (S.D. Cal. Mar. 3, 2017) (taking judicial notice of two dispositions of disciplinary hearings for two separate RVRs), *aff'd*, 708 F. App'x 354 (9th Cir. 2017). Taking judicial notice of an RVR does not, however, mean that the factual allegations contained in an RVR are deemed to be true. To the contrary, a court cannot generally take judicial notice of the underlying "factual findings of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir.1983); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003) ("Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice"), *overruled on other grounds, Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014); *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 829–31 (5th Cir. 1998) (court could not take judicial notice of another court's finding that a defendant was a state actor; the determination was a legal conclusion rather than an

5

adjudicative fact and in any event was not beyond reasonable dispute).

Here, the Court may take judicial notice of the RVR, including the charge of which Plaintiff was found guilty in the RVR (attempted murder), the victim of that charge (J. Valencia), and the punishment imposed as a result of the guilty finding (including the loss of credit of "360"). (ECF No. 20-1 at 2, 12, 16.) The Court may not, however, take judicial notice of, and construe as true, the factual allegations contained in the RVR as those factual allegations are in dispute. *See Wyatt*, 315 F.3d at 1114 n.5 ("[F]actual findings in one case ordinarily are not admissible for their truth in another case through judicial notice."); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (although the court can take judicial notice of undisputed matters of public record, the court cannot take judicial notice of disputed facts stated in public records); *Rivera v. Hamlet*, No. C03-962 SI (PR), 2003 WL 22846114, at *5 & n.2 (N.D. Cal. Nov. 25, 2003) ("If the court cannot take judicial notice of a factual finding in other court cases, it certainly cannot take judicial notice of a factual finding in the less procedurally rigid prison disciplinary hearing.").

Accordingly, the Court recommends granting the request for judicial notice of the RVR only as to the charge of which Plaintiff was found guilty, the victim of that charge, and the punishment imposed, and otherwise denying judicial notice of the RVR and particularly denying the request for judicial notice of the factual allegations contained in the RVR.

### b. *Heck* Bar

The moving defendants contend that *Heck v. Humphrey*, 512 U.S. 477, precludes Plaintiff from pursuing his excessive force claim because, if Plaintiff were to prevail, it would necessarily render his felony conviction invalid. In opposition, Plaintiff argues that his excessive force claim is not a collateral attack on his criminal conviction, but is a totally separate claim and is thus not barred by *Heck*.

Under *Heck*, a prisoner cannot bring a claim under 42 U.S.C. § 1983 to collaterally attack a criminal conviction unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas

corpus." *Heck*, 512 U.S. at 486-87. In considering whether a § 1983 claim is barred by *Heck*, courts ask whether a ruling favoring the plaintiff would necessarily imply that the plaintiff's conviction or sentence is invalid. *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). "[I]f 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' then 'the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Whitaker v. Garcetti*, 486 F.3d 572, 583 (9th Cir. 2007) (quoting *Heck*, 512 U.S. at 487). Here, there are two separate potential sources for finding that Plaintiff's excessive force claim is barred by *Heck*: (1) the criminal conviction, and (2) the RVR disciplinary hearing finding of guilty.

          1.  <u>The Criminal Conviction</u>

According to the Information and Abstract of Judgment (ECF Nos. 20-2, 23 at 11-15), Plaintiff was charged with two counts of Battery on a Non-Confined Person by Prisoner, in violation of California Penal Code 4501.5. (ECF No. 23 at 11-12.) Plaintiff received a sentence of an additional eight months of imprisonment as a result of this conviction. (ECF Nos. 20-2 at 2-3, 23 at 14-15.) Both the incident of which Plaintiff was convicted in the criminal proceeding, and the factual allegations underlying Plaintiff's excessive force claim occurred on March 14, 2016. (*Compare* ECF No. 23 at 11 (Information alleging that "On or about March 14, 2016" Daniels committed "the crime of Battery") *with* ECF No. 14 at 5-6 (SAC alleging that "On, March 14, 2016" the moving defendants "used excessive physical force" on Plaintiff). However, there is a key difference between the crime of conviction in the criminal proceeding and the excessive force allegation in the SAC—the victims in the criminal proceeding are different and distinct from the defendants that allegedly used excessive force on Plaintiff.

The Information lists the victims of the battery in the criminal proceeding as Nicholas Vazquez, David Smith, and Jaime Vazquez. (*See* ECF No. 23 at 11-12.) None of these victims are listed as defendants in Plaintiff's SAC; rather, the SAC alleges an excessive force claim against the moving defendants: S. Babb, M. Owens, E. Torres, J. Valencia, S. Pano, M. Benevidez, C. Crabtree, N. Johnson, and E. Madruga. (ECF No. 14 at 4-6.) Thus, the individuals who are the victims of the crimes of conviction are entirely different and distinct

from the defendants alleged to have used excessive force on Plaintiff. This conclusion is consistent with Plaintiff's insistence that he is not challenging his criminal conviction or the sentence he received, and that the crime of conviction is "totally, unrelated, to any, of, the defendants, in, this action, at bar." (ECF No. 23 at 5-6.)

If Plaintiff were to prevail on his claim of excessive force against the moving defendants, it would not implicate Plaintiff's conviction of battery against the victims. To put it another way, Plaintiff's battery on the victims is not inconsistent or at odds with Plaintiff's claim that the moving defendants used excessive force against him. Accordingly, the Court recommends finding that Plaintiff's excessive force claim is not barred pursuant to *Heck* based on Plaintiff's conviction in the Kings County Superior Court criminal proceeding.

2. The RVR Disciplinary Proceeding Finding of Guilty

The moving defendants also contend that, if Plaintiff were to prevail on his excessive force claim, it would necessarily render the RVR conviction invalid.[2] (*See* ECF No. 24 at 2.)

Here, Plaintiff was charged in the RVR with attempted murder of J. Valencia based on actions Plaintiff took on March 14, 2016. (ECF No. 20-1 at 2 (statement from Officer J. Valencia); *id.* at 6 (stating that Daniels yelled and bragged about how he tried to kill Officer Valencia); *id.* at 12-13 (factual finding discussing that Daniel's had "bragged about how he tried to kill" the victim); *id.* at 19 (stating that Daniels "committed 'Battery on a Peace Officer—Attempted Homicide' by strangling Correctional Officer J. Valencia during an immediate emergency cell extraction.") Plaintiff was found guilty as charged and received punishment that included a credit loss of "360."[3] (ECF No. 20-1 at 12, 14, 16.)

As an initial matter, Defendants do not establish that the "360" credit loss necessarily impacted Plaintiff's duration of incarceration such that any appeal would need to be done

---

[2] In both their Motion to Dismiss, and their reply, the moving defendants appear to blur the lines between the criminal proceeding and the RVR. For example, in their Motion to Dismiss, the moving defendants refer to the factual allegations in the RVR and argue that because the "incident" was referred for criminal prosecution, which resulted in Plaintiff's guilty plea and eight-month sentence for battery, the RVR allegations demonstrate that Plaintiff's excessive force claim is *Heck* barred. (*See, e.g.,* ECF No. 19-1 at 5-6; *see also* ECF No. 24 at 3-4 (discussing factual allegations in RVR in combination with argument that Plaintiff's actions resulted in the criminal conviction and eight-month sentence).)

[3]

8

through a writ of habeas corpus rather than in a lawsuit such as this. "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." *Nettles v. Grounds*, 830 F.3d 922, 929 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645 (2017). In other words, *Heck* does not apply to "'all suits challenging prison disciplinary proceedings'"; rather, "*Heck* applies only to administrative determinations that "necessarily" have an effect on "the duration of time to be served." *Id.* at 929 n.4 (citing *Muhammad*, 540 U.S. at 754-55). Moving defendants do not establish that Plaintiff is serving a determinate sentence less than life, such that the loss of good time credits would necessarily affect the duration of that sentence. *See Sanford v. Motts*, 258 F.3d 1117, 1119 (9th Cir. 2001) (noting that it was the defendants' burden to establish their Heck defense).

Further, even if the "360" credit loss necessarily affects the duration of Plaintiff's sentence, the excessive force claim is not *Heck* barred because a finding that J. Valencia and the other moving defendants used excessive force against Plaintiff would not necessarily invalidate a finding that Plaintiff was guilty of attempted murder of J. Valencia. *See Nettles*, 830 F.3d at 928-29 ("challenges to disciplinary proceedings are barred by *Heck* only if the § 1983 action would be 'seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served'") (quoting *Muhammad*, 540 U.S. at 754-55).

According to the SAC, after Plaintiff's cell door was opened, M. Owens, J. Valencia, S. Pano, M. Benevidez, C. Crabtree, N. Johnson, and S. Barb entered Plaintiff's cell and each of these defendants used excessive force when they "beat, and kicked, plaintiff, with closed fist, and feet." (ECF No. 14 at 5.) M. Benevidez then placed Plaintiff into a rear choke hold while J. Valencia "repeatedly punched Plaintiff in the face, head, and right eye, with his closed fist." (*Id.*) N. Johnson kicked Plaintiff repeatedly while C. Crabtree, M. Owens, and S. Babb "kicked and punched Plaintiff, until Plaintiff lost consciousness." (*Id.*) The moving defendants dragged an unconscious Plaintiff out of the cell, restrained with his hands cuffed behind his back and leg restraints on his legs. Plaintiff was then taken to the rear of the housing unit where E.

Madruga slammed Plaintiff's head repeatedly into a wall before throwing Plaintiff into a holding cage. (*Id.* at 6.)

If Plaintiff were to prevail on his claim of excessive force against J. Valencia and the other moving defendants, it would not necessarily implicate the validity of the finding that Plaintiff attempted to murder J. Valencia. This is because, for example, J. Valencia and the other moving defendants could have used excessive force on Plaintiff after Plaintiff attempted to murder J. Valencia.

The Court recognizes that the factual allegations of the SAC are inconsistent with and contradict the factual allegations in the RVR. However, that is not the test under *Heck*. As noted previously, although the Court can take judicial notice of the RVR, including the finding of guilty of attempted murder, and the punishment imposed, the Court cannot take judicial notice of the factual allegations and findings contained in the RVR, which Plaintiff disputes. *See Wyatt*, 315 F.3d at 1114 n.5 ("[F]actual findings in one case ordinarily are not admissible for their truth in another case through judicial notice."); *Lee*, 250 F.3d at 690 (the court cannot take judicial notice of disputed facts stated in public records); *Rivera*, 2003 WL 22846114, at *5 & n.2 (the court cannot take judicial notice of factual findings in prison disciplinary proceedings). Further, "challenges to disciplinary proceedings are barred by *Heck* only if the § 1983 action would be 'seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served.'" *Nettles v. Grounds*, 830 F.3d 922, 928-29 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645 (2017) (quoting *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004)).

Accordingly, the Court recommends finding that Plaintiff's excessive force claim against the moving defendants is not barred pursuant to *Heck* based on the RVR disciplinary proceedings.

## V. RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED:

1. That the moving defendants' Request for Judicial Notice (ECF No. 20) be GRANTED in part and DENIED in part as follows:

a. That the Court take judicial notice of the Abstract of Judgment.

b. That the Court take judicial notice of the RVR for the limited purpose of the charge on which Plaintiff was found guilty, the victim of the charge, and the punishment imposed as a result of the finding of guilt; but not for the underlying factual allegations in the RVR, which are in dispute in this case.

c. That the Request for Judicial Notice otherwise be DENIED.

2. The Plaintiff's request for judicial notice (ECF No. 23) of the Information be GRANTED.

3. That the Motion to Dismiss (ECF No. 19) be DENIED, without prejudice to Defendants asserting preclusion pursuant to *Heck* at a later stage in the proceeding.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 27, 2018**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE