UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DANIELS, | No. 1:17-cv-00492-DAD-EPG |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION TO DISMISS |
| J. VALENCIA, et al., | |
| Defendants. | (Doc. Nos. 19, 20, 23, 30) |

Plaintiff David Daniels is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 26, 2018, defendants Owens, Torres, Valencia, Pano, Benavidez, Crabtree, Johnson, and Madruga filed a motion to dismiss plaintiff's Eighth Amendment excessive force claim, contending that the claim is barred under the decisions in *Heck v. Humphrey*, 512 U.S. 477, 480 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). (Doc. No. 19.) On July 27, 2018, the assigned magistrate judge issued findings and recommendations, recommending that the motion to dismiss be denied. (Doc. No. 30.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty days after service. (*Id.* at 11.) On August 30, 2018, defendants filed objections. (Doc. No. 31.)

1    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the undersigned has

2    conducted a *de novo* review of this case. Having carefully reviewed the entire file, including

3    defendants' objections, the undersigned finds the findings and recommendations to be supported

4    by the record and proper analysis.

5        In their objections, defendants contend that "it is clear from the face of judicially

6    noticeable records that plaintiff was convicted of assaulting defendants." (Doc. No. 31 at 2.)

7    This argument fails as a factual matter.  The criminal information filed against plaintiff alleges

8    that he committed felony battery against Nicholas Vazquez, David Smith, and Jaime Vazquez.

9    (Doc. No. 23 at 11–12.)  None of those victims is a defendant in this civil rights action.

10   Logically, plaintiff's battery against those victims would appear to have little to do with whether

11   or not defendants Owens, Torres, Valencia, Pano, Benevidez, Crabtree, Johnson, and Madruga

12   used excessive force against plaintiff.  Although defendants argue that "the identification of

13   Plaintiff's particular victims in the Abstract of Judgment is immaterial to the *Heck* analysis," they

14   cite no legal authority for this proposition.  (Doc. No. 31 at 2.)  To the contrary, it is not clear at

15   this stage that these incidents were connected in any way.  Accordingly, the court concurs with

16   the findings and recommendations.

17       Accordingly,

18   1.  The findings and recommendations issued on July 30, 2018 (Doc. No. 30) are adopted in

19       full;

20   2.  The request for judicial notice (Doc. No. 20) filed by defendants Owens, Torres, Valencia,

21       Pano, Benevidez, Crabtree, Johnson, and Madruga is granted in part, as follows:

22           a.  The court takes judicial notice of the Abstract of Judgment, and of those portions

23               of the Rules Violation Report ("RVR") that show the charge on which plaintiff

24               was found guilty, the victim of the charge, and the punishment imposed as a result

25               of the finding of guilt;

26           b.  The court otherwise denies the request for judicial notice, including the request

27               that the court take notice of the underlying factual allegations in the RVR;

28   3.  Plaintiff's request for judicial notice (Doc. No. 23) is granted;

1     4. The motion to dismiss filed by defendants Owens, Torres, Valencia, Pano, Benavidez,

2         Crabtree, Johnson, and Madruga on January 26, 2018 (Doc. No. 19) is denied without

3         prejudice to defendants asserting preclusion pursuant to *Heck* at a later stage in the

4         proceedings;

5     5. Defendants are directed to file their answer to plaintiff's Second Amended Complaint

6         within fourteen (14) days from the date of service of this order; and

7     6. This case is referred back to the assigned magistrate judge for further proceedings.

8   IT IS SO ORDERED.

9     Dated:    **September 25, 2018**

10                       UNITED STATES DISTRICT JUDGE

3